1
2
3
4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5

* * *

6

| | |
|---|---|
| TYRONE D. PRICE, | Case No. 2:20-cv-00488-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

7
8
9
10
11
12

13      This matter involves the review of an administrative action by the Commissioner of Social

14  Security ("Commissioner") denying Plaintiff Tyrone D. Price's ("Plaintiff") applications for

15  disability insurance benefits under Title II of the Social Security Act and supplemental security

16  income under Title XVI of the Act.  The Court has reviewed Plaintiff's Motion for Reversal

17  and/or Remand (ECF No. 18), filed on July 30, 2020, and the Commissioner's Cross-Motion to

18  Affirm and Response (ECF Nos. 19-20), filed on August 27, 2020.  No reply was filed.  The

19  Court finds this matter properly resolved without a hearing.  LR 78-1.

20  **I.      BACKGROUND**

21      **1.      Procedural History**

22      Plaintiff applied for disability insurance benefits and supplemental security income on

23  July 1, 2016, alleging an onset date of March 12, 2016.  AR[1] 200-211.  Plaintiff's claims were

24  denied initially and on reconsideration.  AR 116-119 and 125-138.  A hearing was held before an

25  Administrative Law Judge ("ALJ") on November 5, 2018.  AR 39-61.  On March 12, 2019, the

26
27

---

[1] AR refers to the Administrative Record in this matter.  (Certified Administrative Record (ECF No. 16).)

28

1    ALJ issued a decision denying Plaintiff's claim.  AR 21-33.  The ALJ's decision became the

2    Commissioner's final decision when the Appeals Council denied review on January 10, 2020.

3    AR 5-10.  On March 9, 2020, Plaintiff commenced this action for judicial review under 42 U.S.C.

4    §§ 405(g).  (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

5            **2.      The ALJ Decision**

6            The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§

7    404.1520, 416.920.[2]  AR 21-33.  At step one, the ALJ found that Plaintiff was insured through

8    December 31, 2021 and had not engaged in substantial gainful activity from the alleged onset

9    date of March 12, 2016.  *Id.* at 23.  At step two, the ALJ found that Plaintiff had medically

10   determinable "severe" impairments of obesity, degenerative disc disease of the lumbar spine, and

11   degenerative disc disease of the cervical spine and non-severe impairments of depressive

12   disorder, anxiety disorder, and posttraumatic stress disorder.  *Id.* at 24.  He rated all of the

13   paragraph B criteria as no limitations except for mild limitations in ability to adapt or manage

14   himself.  *Id.* at 25.  At step three, the ALJ found that Plaintiff did not have an impairment or

15   combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part

16   404, Subpart P, Appendix 1.  *Id.* at 26.

17          The ALJ found that Plaintiff has the residual functional capacity to perform a reduced

18   range of light work as defined in 20 CFR 404.1567(b) except that: he can lift and/or carry 20

19   pounds occasionally and 10 pounds frequently; he can stand and/or walk for six hours; he can sit

20   for six hours; he can occasionally climb ladders, ropes, or scaffolds; he can frequently climb

21   ramps and stairs; he can frequently stoop, kneel, crouch, and crawl; and he has no limitations for

22   balancing.  AR 26.  At step four, the ALJ found that Plaintiff could perform his past relevant

23   work as an electric-meter tester both as actually performed and as generally performed in the

24   national economy.  *Id.* at 31.  The ALJ also made an alternative step five finding of not disabled

25   utilizing the Medical-Vocational Rule 202.21 and found that Plaintiff could perform as an

26

27          _____

28          [2] The regulations relevant to Title II and Title XVI claims are almost identical; the Court will only cite Title II regulations for the remainder of this Order.

assembler of small products, inspector, and marker. *Id.* at 32. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from March 12, 2016 through the date of the decision. *Id.* at 33.

## II.      DISCUSSION

### 1.      Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

## 2.    Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his/her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his/her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he/she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to

determine whether the individual is engaged in substantial gainful activity ("SGA").  20 C.F.R. §

404.1520(b).  SGA is defined as work activity that is both substantial and gainful; it involves

doing significant physical or mental activities usually for pay or profit.  *Id.* § 404.1572(a)-(b).  If

the individual is engaged in SGA, then a finding of not disabled is made.  If the individual is not

engaged in SGA, then the analysis proceeds to the step two.  Step two addresses whether the

individual has a medically determinable impairment that is severe or a combination of

impairments that significantly limits her from performing basic work activities.  *Id.* §

404.1520(c).  An impairment or combination of impairments is not severe when medical and

other evidence establishes only a slight abnormality or a combination of slight abnormalities that

would have no more than a minimal effect on the individual's ability to work.  *Id.* § 404.1521; *see*

*also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[3]  If the individual does not have a

severe medically determinable impairment or combination of impairments, then a finding of not

disabled is made.  If the individual has a severe medically determinable impairment or

combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or

combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If

the individual's impairment or combination of impairments meet or equal the criteria of a listing

and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20

C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not

meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds

to step four.

Before moving to step four, however, the ALJ must first determine the individual's

residual functional capacity ("RFC"), which is a function-by-function assessment of the

---

[3] SSRs constitute the SSA's official interpretation of the statute and regulations.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform his/her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform his past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his/her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If he/she is able to do other work, then a finding of not disabled is made.  Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

/ / /

/ / /

/ / /

1    **3.    Analysis**

2         **a.    Whether the ALJ's Subjective Testimony Assessment Is Sufficient**

3         Plaintiff contends that the ALJ erred in rejecting his testimony concerning pain, symptoms

4    and level of limitation.  (ECF No. 18, p. 9).  He argues that the ALJ did not find that Plaintiff was

5    malingering and therefore, the ALJ was required to provide specific, clear, and convincing

6    reasons for rejecting Plaintiff's testimony.  (*Id*. at p. 9-10).  Plaintiff contends that the ALJ's

7    general reliance on objective findings in the medical record fails to clearly identify any

8    inconsistency with his statements.  (*Id*. at p. 10-12).  He also claims that the ALJ's reliance on Dr.

9    Arnow's opinion was in error because Dr. Arnow did not review a large portion of the record.

10   (*Id*. at p. 13).  Additionally, Plaintiff highlights that the ALJ failed to adequately develop the

11   record by not following up on treatment records after February of 2018.  (*Id*. at p. 13).  Plaintiff

12   notes that his representative put the ALJ on notice that there were outstanding medical records

13   and the ALJ set a deadline of two weeks to resubmit the records.  (*Id*. at p. 14).

14        The Commissioner responds that the ALJ provided three valid reasons for discounting

15   Plaintiff's testimony concerning the extent of his limitations.  (ECF No. 19, p. 7).  First, the ALJ

16   properly considered how the objective medical findings did not support the extent of Plaintiff's

17   alleged functional limitations.  (*Id*. at p. 7-10).  Second, the ALJ noted how Plaintiff's treatment

18   had been effective and his providers noted improvement following lower back surgery and other

19   treatment.  (*Id*. at p. 10-11).  Third, the ALJ indicated that Plaintiff's medical records concerning

20   treatment for his spinal issues were inconsistent with his allegations.  (*Id*. at p. 11-14).  Further,

21   the Commissioner contends that the ALJ's duty to develop the record was not triggered here

22   merely because Plaintiff's counsel failed to submit relevant records within the time period

23   requested by the ALJ.  (*Id*. at p. 12).

24        While an ALJ must consider a plaintiff's representations about his symptoms and

25   limitations, his statements about his "pain or other symptoms will not alone establish that" he is

26   disabled.  20 C.F.R. § 404.1529(a).  In fact, an "ALJ cannot be required to believe every

27   allegation of [disability], or else disability benefits would be available for the asking, a result

28   plainly contrary to [the Act]."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  However,

absent affirmative evidence that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be clear and convincing. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). Specifically, the ALJ must state why the testimony is unpersuasive and point to what testimony or evidence undermines the claimant's testimony. *See, e.g., Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (upholding ALJ's credibility determination when he pointed out numerous lab results that contradicted his subjective complaints); *see also Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006) (ALJ required to provide a "narrative discussion" and state specific evidence in the record supporting an adverse credibility finding). As the Ninth Circuit has recognized, this is not an easy requirement to meet because the "clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ "may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch*, 400 F.3d at 680. This is because the lack of an objective medical basis is just one factor in evaluating the credibility of a claimant's testimony and complaints. *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). Moreover, the Court notes that SSR 16-3 clarified that the ALJ no longer has to make credibility findings, but rather, evaluate the extent to which the alleged functional limitations and restrictions due to pain and other symptoms are consistent with the other evidence. An ALJ's decision is sufficiently supported when the ALJ summarizes facts and conflicting clinical evidence in a detailed and thorough fashion, stating her interpretation and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting that case law does not require an ALJ to expressly state: I reject __ because of __ reason). If "evidence can support either affirming or reversing the ALJ's decision," the Court may not substitute its judgment for that of the ALJ's. *Robbins*, 466 F.3d at 882.

Here, the Court finds that the ALJ properly articulated clear and convincing reasons for rejecting Plaintiff's testimony. Specifically, the ALJ considered the contrary objective medical evidence to Plaintiff's subjective claims. For example, the ALJ relied on post-surgery evidence indicating that Plaintiff's spinal alignment was well maintained, there was no evidence of

loosening, migration, or failure, he had no motor/sensory deficit in the lower extremities, and that he had a near normal gait.  AR 29.  Plaintiff's lumbar spine x-rays in 2017 showed that he was neurologically stable and his cervical spine had a normal range of motion with normal reflexes, tone, motor strength, and intact sensation by December of 2017.  AR 27-29.  Further, Plaintiff was recommended for cervical spine surgery, but no evidence of such surgery occurring is in the record.  Indeed, the ALJ took into consideration some of Plaintiff's pain allegations by assigning exertional and postural limitations in the RFC.  However, he also considered the mild examination findings and Plaintiff's complaint of mild lower back pain in December of 2017 that conflicted with Plaintiff's allegation of constant pain.  AR 29.  Thus, the medical treatment in the record conflicts with Plaintiff's claim of disabling level pain and symptoms and was a clear and convincing reason for not fully crediting Plaintiff's subjective complaints.

Further, the ALJ underscored that Plaintiff's impairments responded well to treatment and in fact, improved.  The ALJ noted several examples of Plaintiff positively responding to treatment during 2016 and 2017, which contradicted Plaintiff's claims about the intensity, persistence, and limiting effects of his symptoms.  AR 27-29.  For example, the ALJ considered that on January 23, 2017, shortly after his surgery, Plaintiff reported improvement of his symptoms.  AR 28-29.  The ALJ also considered that Plaintiff's physician reported that he had an "excellent outcome following surgical intervention."  AR 29.  The ALJ noted that in May of 2017, Plaintiff complained of only "intermittent low back pain" and reported that his left hip and buttocks pain had "resolved with physical therapy."  *Id*.  Also, the ALJ indicated that Plaintiff reported only intermittent low back pain in August of 2017 and mild lower back pain in December 2017.  *Id*.  Finally, at that same visit, the ALJ noted that while the Plaintiff reported that his low back symptoms had not resolved in their entirety, the doctor reported that Plaintiff was significantly improved from his preoperative status.  *Id*.  As such, the ALJ discounted Plaintiff's subjective testimony, in part, due to the medical evidence that showed improvement with treatment.  *See Celaya v. Halter*, 332 F.3d 1177, 1181 (9th Cir. 2003) (pain complaints properly rejected where the ALJ "reasonably noted" evidence that pain had come under control).  This is another clear and convincing reason to justify the ALJ's assessment of Plaintiff's subjective testimony.

1   Moreover, the ALJ highlighted Plaintiff's inconsistent statements that undermined the

2   credibility of his claims.  *See Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) ("ALJ may

3   consider inconsistencies either in the claimant's testimony or between the testimony and the

4   claimant's conduct."); *see also Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ

5   properly found claimant "demonstrated better abilities than he acknowledged in his written

6   statements and testimony").  For example, Plaintiff alleged severe neck and back pain due to a

7   motor vehicle accident, but failed to seek treatment until the following day which resulted in mild

8   findings upon examination.  AR 27.  Further, Plaintiff reported complete relief from neck pain

9   after treatment and then later that year noted only intermittent low back pain with continued neck

10  pain.  AR 28-29.  Finally, the ALJ noted that Plaintiff's complaints were inconsistent with his

11  doctor's observations of his conduct; for instance, Dr. Kabins noted that despite Plaintiff's

12  complaint of pain radiating into his upper left extremities, he had a near normal gait.  *Id*.

13  Although Plaintiff objects to the ALJ's consideration of his lack of treatment after

14  February of 2018, the Court is not persuaded that the ALJ had a duty to further develop the record

15  under these circumstances.  It is true that the ALJ was on notice of some possible treatment after

16  Plaintiff's representative indicated that additional treatment records were going to be submitted.

17  However, Plaintiff is ultimately responsible for timely submitting any such evidence for the

18  ALJ's consideration.  This is not a situation where there is ambiguous evidence or the record is

19  inadequate such that proper evaluation of the evidence cannot be completed.  *See, e.g., Ford v.

20  Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir.

21  2001).  Rather, it is a situation where Plaintiff's representative simply failed to submit further

22  evidence.  Nevertheless, it is not definitive of this issue given that the ALJ also had two other

23  clear and convincing reasons for not fully accepting Plaintiff's subjective complaints.  *See Bray v.

24  Comm'r*, 554 F.3d 1219, 1227 (9th Cir. 2009).

25  After a careful review of the ALJ's evaluation of Plaintiff's alleged limitations and pain

26  and other symptoms, the Court finds that he complied with SSR 16-3p and the Ninth Circuit

27  standard such that it may not substitute its judgment for that of the ALJ's.  *See Burch*, 400 F.3d at

28

679.  Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence and free from reversible legal error.

**III.    CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (ECF No. 18) is **denied.**

IT IS FURTHER ORDERED that the Commissioner's Cross-Motion to Affirm (ECF No. 19) is **granted.**

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly and close the case.

DATED: March 1, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE